## KILLOUGH v. PAYNE.

1. CONSIDERATION: *Payment of legal debt.*
   The payment of a sum of money by one who is already legally bound to pay it, is not a valid consideration for a contract.

2. STATUTE OF FRAUDS: *Promise to accept debtor's draft.*
   An oral agreement by a third party to accept for a creditor his debtor's draft for the amount of his debt, is in effect a promise to pay the debt, and unless it is made upon a new consideration, is void under the statute of frauds. [*Chapline v. Atkinson, 45 Ark., 67.*]

APPEAL, from *Cross* Circuit Court.

J. E. RIDDICK, Judge.

Payne sued Killough & Erwin in a justice's court, alleging that they were indebted to him in the sum of $26.65 for money had and received for his use and benefit from Edgar, Gage & Co. On appeal to the Circuit Court the defendants filed an answer denying that they received any sum for the use of the plaintiff. On a trial before a jury the facts proved were in substance as follows: Edgar, Gage & Co., owed W. E. Reeves $274 for ties furnished them, and he gave his draft on them for that amount to the defendants, Killough & Erwin. The draft was presented for payment and Edgar, Gage & Co. indorsed upon it their acceptance payable thirty days after date. When the acceptance matured, they refused to pay it because of the fact that the plaintiff, Payne, had notified them that Reeves owed him $26.65 for hauling some of the ties furnished and had warned them to hold that sum for him. To remove this objection to a payment of the acceptance the defendants then verbally agreed with Edgar, Gage & Co. that they would pay Payne's claim if he would get an order on them from Reeves for the amount of it. On this promise being made by the defendants, the full amount due on the draft was paid to them. At the time of this transaction, Reeves was trading with the defendants. After his dealings with them had ceased, and about seven months after the payment of the

·draft, Payne presented an order from Reeves on them for the amount of his claim, and they refused to pay it. The court refused to instruct the jury that if the amount collected on the draft was legally due the defendants from Edgar, Gage & Co. at the time of its payment, then the promise of defendants to pay Reeve's order was without consideration and void. The verdict and judgment were for the plaintiff, and the de-fendants appealed.

*N. W. Norton,* for appellants.

1. No acceptance, not in writing, shall be sufficient to charge any person in this State. *Mansf. Dig., sec. 459.*

2. The payment of an undisputed debt is not a sufficient consideration for a promise to pay another sum of money. *35 Ark., 572; 40 id., 180; 45 id., 290.*

3. When an acceptance, not in writing, is tolerated at all, the order must be presented in a reasonable time. *1 Dan. Neg. Inst., secs. 569, etc.; 44 Am. Dec., 253; 4 Curtis, 25; 2 Wheat., 66; 33 Am. Dec., 289; 8 Porter, 263.*

4. The promise being in parol was void; but if in writing, it would have been void for want of consideration, or at most, only binding for a reasonable time. *2 Wheat., 66.*

*Sanders & Watkins* and *J. D. Block,* for appellee.

No consideration was necessary for the promise to pay Payne. Where a party receives money under an express promise to pay it to another, he must do so, no matter how he obtained it, unless some rule of public policy contravene. The question of consideration does not enter into or support the action for money had and received. *4 Wait Act. and Def., p. 506.* But there was a consideration, the avoiding a law suit.

No question of diligence or reasonable time in which the demand was made can be urged, for the promise was uncondi-tionally to pay Payne. The instructions correctly stated the law.

Trammell v. Anderson.

<div style="margin-left:2em">

CONSID-
ERAT.ON:
STATUTE
OF FRAUDS.

PER CURIAM.    There is no evidence  tending to prove that. Killough & Erwin received any money for the use of Payne. There was only a promise by them to accept the draft of Reeves in favor of Payne.

The consideration of this promise was the payment, by Edgar, Gage & Co., of an undisputed debt due from them to· Killough & Erwin, which was evidenced by a draft accepted by Edgar, Gage & Co. in favor of Killough & Erwin; but the payment of a sum which one is already legally bound to pay is not a valid consideration for a contract.

There being no new consideration for the promise by Killough & Erwin to pay Payne's debt, it is a collateral undertaking within the statute of frauds and is void.  *Chapline v. Atkinson, 45 Ark., 67.*

Reverse and remand.