## WORTHEN *v.* THOMPSON.

Decided January 24, 1891.

1. *Replevin—Stolen property.*

A sheriff who has paid money to recover stolen property is not entitled to reimbursement therefor, as for "expenses incurred in the preservation thereof." (Mansf. Dig., secs. 2418–19.)

2. *Promise to pay for stolen property—Consideration.*

A promise by the owner of stolen property to pay for its surrender is without consideration.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

Thompson was robbed of a gold watch. Worthen was sheriff of the county at the time. Learning where the watch was and believing it would be a valuable clue in aiding to capture the robber, he bought it for $90. The robber was never captured, and afterwards Worthen offered to deliver it to Thompson upon repayment of the above sum. At first he agreed to do so; afterwards he declined to pay it, and, upon Worthen's refusal to deliver the watch, brought this suit. The court upon these facts rendered judgment for the plaintiff.

*C. B. Moore* for appellant.

1. Worthen as sheriff was entitled to the amount paid by him for the recovery of the watch, under secs. 2416–19

of Mansf. Digest.    The $90 was paid for the *preservation* of the watch *to the owner.*

2.    When appellee was informed of all the circumstances, *he promised to repay* the amount.    This was based upon a *valuable* consideration, with knowledge of all the facts.    1 Pars. Cont. *p. 446; 5 Pick., 384; 71 Me., 596 ; 102 Mass., 60 ; 3 Ind., 41 ; 121 Mass., 529–30 ; 57 Iowa, 307 ; 3 Scott, 250.

*Thomas B. Martin* for appellee.

1.    One who buys stolen property, other than money or negotiable paper, acquires no title against the owner. Mansf. Dig., secs. 2416–19, confer no right of possession.

2.    The promise to repay, if any was made, was *nudum pactum.*    1 Pars. Cont., p. 429.

**1. Replevin —Stolen property.**    HEMINGWAY, J.    One in possession of stolen property cannot hold it against the rightful owner, or exact as a condition of its surrender the payment of money which such holder paid to obtain it, although he made such payment in good faith with no knowledge of the theft.    The sum thus paid is not an expense incurred in the preservation of the property, and for that reason, if for no other, it does not come within the purview of the statutes of this State that regulate in certain cases the disposition of stolen property. Mans. Dig., secs. 2416–19.

**2. Consideration.**    A promise by such holder to surrender the stolen property to its owner, being an undertaking to do only what the law exacts, is not a consideration that will support a promise to pay money therefor.    3 Am. & Eng. Enc. of Law, 831, and cases cited ; *Killough* v. *Payne,* 52 Ark., 174.

The answer disclosed no defense to the action, and the judgment will be affirmed.