## BURNETT v. TURNER.

Opinion delivered November 18, 1912.

1. APPEAL AND ERROR—MISJOINDER OF CAUSES—WAIVER.—Where no objection was saved to a misjoinder of two separate causes of action, it will not be considered on appeal.   (Page 291.)

2. LIMITATION OF ACTIONS—ORAL PROMISE.—Under Kirby's Digest, § 5079, providing that "no verbal promise or acknowledgment shall be deemed sufficient evidence in any action founded on contract whereby to take any case out of the operation of this act or to deprive the party of the benefits thereof," *held* that to suspend the statute in such case by promise or acknowledgment such promise or acknowledgment must be in writing and signed by the party to be charged.   (Page 292.)

3. SAME—ORAL WAIVER.—An oral waiver of the statute of limitations or a parol promise not to plead it does not fall within Kirby's Digest, § 5079, and need not be in writing.   (Page 293.)

4. SAME—PROMISE NOT TO PLEAD STATUTE—SUFFICIENCY.—The suspension of the statute of limitations by a promise not to plead it is based on the doctrine of estoppel; and such promise, to be effectual, must be an express promise not to plead the statute, or its language must clearly evince an intention not to do so, upon which the creditor has a right to rely.   (Page 293.)

5. SAME—NEW PROMISE ON ADDITIONAL CONSIDERATION.—A new oral promise, based upon an additional consideration, to pay at a future date constitutes an original undertaking, and does not fall within the terms of Kirby's Digest, § 5079, and an agreement to extend the time of payment to a future date or to the happening of an event which might carry it beyond the period of the statute of limitation is a sufficient consideration upon which to base a new promise.   (Page 293.)

6. SAME—NEW PROMISE—CONSIDERATION.—A promise by a debtor that as soon as he could get his father out of the penitentiary he would pay an account, upon which the creditor, without agreeing to do so, forebore from suing, was without consideration.   (Page 294.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith*, Judge; reversed.

*Appellant, pro se.*

1.   To suspend our statute by a promise, whether before or after the bar applies, the promise or acknowledgment must be in writing.   Kirby's Dig,. § 5079; 25 Cyc. 1351; 26 Ark. 541; 66 *Id*. 464; 77 *Id*. 228.   There must be an express written promise to pay.   10 Ark. 134; 9 *Id*. 455; 12 *Id*. 595;

42 N. Y. 443; 45 W. Rep. 446; 93 *Id.* 220; 25 Cyc. 1351; 72 Ga. 74.

2. When the statute is pleaded, the burden is on plaintiff to show the action is not barred. 69 Ark. 311; 64 *Id.* 26; 10 *Id.* 598.

*J. T. Coston,* for appellees.

The forbearance to sue was sufficient consideration to bind defendant. No one can set up his own breach of faith or fraud to the injury of the person deceived. 15 Wend. 313; 60 Mo. 630; 80 Ky. 312. A parol promise to pay, if based on sufficient consideration, is valid, the statute of frauds notwithstanding. The statute does not apply to cases like this. 34 S. W. 558; 21 N. J. Eq. 101; 1 Atl. 205.

McCULLOCH, C. J. Appellees are practicing physicians, and instituted this action before a justice of the peace against appellant to recover an account for professional services rendered. The account which forms the basis of the action seems to embrace items alleged to be due the two physicians separately, that is to say, $101.50 to Doctor Turner and $50.00 to Doctor Dunavant; but no question is raised as to the improper joinder of the two causes of action. The suit was first instituted by Doctor Turner, and afterwards Doctor Dunavant was allowed to join as a party plaintiff. But no objection is made to this, and both of these questions pass out of the case.

Appellant does not dispute the items of the account, but relies entirely upon his plea of the statute of limitations. It is conceded that the action was not instituted until more than three years after the services were performed; but appellees seek to take the case out of the operation of the statute on account of a special promise on the part of appellant to pay at a future date or rather to pay in the future on the happening of a certain event. The facts of the case are very simple, and there is but slight conflict in the testimony. In October, 1906, appellant was wounded by a gun or pistol shot, and Doctor Turner was called to attend him. He did so, and gave appellant continuous attention for something like a month, when the condition of the wound rendered a surgical operation necessary. In this emergency Doctor Dunavant was

called, and performed the operation, charging a fee of $50.00 therefor. Doctor Turner's bill was $101.50 for his entire services. Nothing has ever been paid on the account, and more than three years elapsed before the institution of this action. Doctor Dunavant testified that he frequently requested appellant to pay the bill, and on one occasion—the particular time not mentioned—appellant promised to pay the bill when his (appellant's) father should be released from the penitentiary in the State of Missouri, where he was then incarcerated. Doctor Dunavant states the transaction in the following language: "I never put the man's name on my books at all. I told Doctor Turner what I would charge him, and he looked after the collecting. I just left it with him to collect. In the meantime I had asked Doctor Turner about it, and he told me that Mr. Burnett was slow, and I saw him and got after him myself, and he says, 'My papa is in trouble up in Missouri, and as soon as I can get him out of it I will pay it all,' and under that kind of a promise I held off."

In other parts of the testimony it is disclosed that appellant's father was in the penitentiary, and that he was released therefrom within three years from the commencement of this action. Was this promise sufficient to take the case out of the operation of the statute? It is observed that the testimony nowhere discloses any express promise not to plead the statute of limitations, nor does it show any agreement to postpone the date of payment to any future day. Doctor Dunavant merely states that appellant promised to pay when his father got out of trouble, and that upon that promise he did not sue until after the occurrence of that event. He states further in his testimony that he frequently thereafter demanded payment of appellant. Appellant denied that he ever made this promise to Doctor Dunavant, but says that when payment was repeatedly demanded he merely promised that he would pay as soon as he got able.

The statutes of this State provide that "no verbal promise or acknowledgment shall be deemed sufficient evidence in any action founded on contract whereby to take any case out of the operation of this act, or to deprive the party of the benefits thereof." Kirby's Digest, § 5079.

In the absence of a forbidding statute, an oral promise

or acknowledgment will interrupt the statute of limitations; but it is seen from the above that we have a statute on that subject in this State, and, in order "to suspend the statute by promise or acknowledgment, such promise or acknowledgment must be in writing and signed by the party to be charged." The correct rule is thus stated, and is sustained by the weight of authority. See 25 Cyc. 1351, and numerous authorities there cited.

It is equally well settled by the authorities that an oral waiver of the statute of limitations, or promise not to plead it, does not fall within the statute above quoted, and need not be in writing. 19 Am. & Eng. Ency. of Law, p. 322; *Bridges* v. *Stevens*, 132 Mo. 524; *Jordan* v. *Jordan*, 85 Tenn. 561; 1 Wood on Limitations, p. 76.

The suspension of the statute by reason of a promise not to plead it is based on the doctrine of estoppel, and, in order for it to be effective, the promise must be an express one not to plead the statute, or the language of the promise must be such as clearly evinces an intention not to do so upon which the creditor has a right to rely. Otherwise it could not be said that he was estopped by the conduct of his debtor, and the rule does not apply. 19 Am. & Eng. Ency. of Law, pp. 286-7; *Hill* v. *Hilliard*, 103 N. C. 34; *Bank of Tennessee* v. *Hill*, 10 Humphreys (Tenn.) 176; *Parks* v. *Satterthwaite*, 132 Ind. 111.

A new promise, based upon an additional consideration, to pay at a future date, constitutes an original undertaking, and does not fall within the terms of the above-quoted statute requiring a promise or acknowledgment of a debt to be in writing (*Sloan* v. *Sloan*, 11 Ark. 29), and an agreement to extend the time of payment to a future date or to the happening of an event which might carry it beyond the period of the statute of limitations is sufficient consideration upon which to base a new promise. In order, however, to constitute a new promise based upon sufficient consideration, there must be an agreement on the one part to pay and an agreement on the other part to forbear. The evidence in this case wholly fails to show facts which would suspend the operation of the statute of limitations. It shows neither an express promise on the part of the debtor not to plead the statute of limita-

tions, nor an agreement on the part of the creditor not to sue. The most that the evidence shows is a bare promise on the part of the debtor to pay in the future on the happening of a certain event, and that the creditor did forbear suit until after the happening of that event. There was, therefore, no additional consideration so as to make the new promise constitute an original agreement, nor was there an express promise not to plead the statute of limitations so as to work an estoppel. According to the undisputed evidence the verdict should have been in favor of appellant; and, as the case has been fully developed, no useful purpose would be served by remanding it for a new trial. The judgment is therefore reversed, and the cause is dismissed.

SMITH, J., not participating.