HART and SMITH, JJ., dissent.

---

SMITH *v.* SPRADLIN.

Opinion delivered November 4, 1918.

1.	EXECUTION—INDEMNIFYING BOND.—Kirby's Dig., § 3246, providing that an indemnifying bond may be required by an officer who levies or is required to levy an execution upon personal property, confers no authority to require the execution of such a bond before the levy of an execution upon real property, and a bond so executed has no force under the statute.

2.	EXECUTION—SALE OF HOMESTEAD—EFFECT.—One who purchases a debtor's homestead at an execution sale acquires a defeasible estate which constitutes a valuable consideration for a note given for the purchase money thereof.

3.	EXECUTION—RIGHT TO DEMAND INDEMNITY.—One who has purchased a debtor's homestead at execution sale and given his note for the purchase price thereof has no right to demand an indemnifying bond of the execution creditor, nor has the sheriff a right to demand such a bond for the purchaser's benefit.

4.	EXECUTION — INDEMNIFYING BOND — CONSIDERATION. — Where a debtor's homestead was sold at execution sale, and afterwards was exempted to the debtor, an indemnifying bond executed to the sheriff by the execution creditor to indemnify the sheriff against any damages that he might sustain by reason of such sale was without consideration.

Appeal from Baxter Circuit Court; *J. B. Baker,* Judge; reversed.

### STATEMENT OF FACTS.

This suit was instituted by the appellee against appellant in justice of the peace court to recover $93.25. The facts, as set forth in the complaint, are substantially as follows: R. S. Hurst, as sheriff of Baxter County, had in his hands an execution issued out of the circuit court in the case of *J. T. Smith* v. *T. B. Hollis,* and he levied the same upon certain lands in Baxter County and sold the same at public sale on July 19, 1915, and appellee was the purchaser at the sale. Before appellee paid the purchase money, he became apprehensive that the lands purchased would be claimed by the execution debtor as his homestead. Appellee thereupon refused to complete the sale and pay the purchase money unless John T. Smith, appellant, the execution creditor, would execute a bond to indemnify the appellee against loss. Thereupon J. T. Smith executed to R. S. Hurst, the sheriff, the following instrument:

### INDEMNIFYING BOND.

State of Arkansas,
County of Baxter.

R. S. Hurst, sheriff of Baxter County, having required a bond of indemnity, before he proceeds to levy an execution issued on the 12th day of June, 1915, from the Baxter Circuit Court in favor of John T. Smith against T. B. Hollis for the sum of $38.20, besides interest and cost thereon from the rendition of said judgment. Now, we, the undersigned, undertake to indemnify the said R. S. Hurst as sheriff, against damages which he may sustain in consequence of the sale or seizure or any real estate or personal property and more especially the seizure and sale of the following described lands, situate in Baxter County, Arkansas, towit: W ½ NE ¼; NW ¼ SE ¼; and NE ¼ NW ¼, section 28, township 19 north, range 12 west, also to pay to the claimant of any of said lands or personal property the damages which he may sustain in consequence of such seizure or sale and to war-

rant to the purchaser of said lands or personal property as may be levied upon and sold under execution, such estate or interest in said lands or personal property as may be sold, for the payment of which, well and truly to be made and for such damages as may be sustained, we bind ourselves, heirs and assigns firmly by these presents. Witness our hand and seals this the 28th day of July, 1915.

J. T. Smith (Seal).
B. R. Hipp (Seal).

Appellee then completed his purchase by paying the purchase money to the sheriff and received a certificate of purchase. He presented this certificate to the sheriff and demanded a deed, and was informed by the sheriff that Hollis, the execution debtor, had scheduled and had been allowed the lands levied upon as his homestead. The appellee demanded of the sheriff a return of the purchase money called for by the certificate which the sheriff refused to pay. Thereupon the appellee instituted this suit against the sheriff and the appellant, the maker of the bond, and B. R. Hipp, appellant's surety in the bond, for the sum of $93.25.

A demurrer was filed to the complaint which was sustained as to R. S. Hurst, the sheriff, and B. R. Hipp, the surety on appellant's bond, and overruled as to the appellant. The appellant stood on his demurrer, and the court rendered judgment in favor of the appellee, from which judgment is this appeal.

*Z. M. Horton,* for appellant; *Horton & George,* of counsel.

1. The bond was unauthorized by law, without legal consideration and void. Kirby's Digest, § 246; 62 Ark. 138-9; 34 *Id.* 529.

2. It is without consideration and void. *Prima facie* all property of a judgment debtor is subject to execution. 52 Ark. 549. Claiming exemptions is a personal privilege and may be waived. 70 Ark. 71; 55 *Id.* 141. Appellee purchased the title of Hollis and obtained a per-

fect title as against the world, subject to the homestead
right. This defeasible title was a lawful consideration for
the note executed by Spradlin. 55 Ark. 139. The rule
*caveat emptor* applies. 31 Ark. 258; 30 *Id.* 250; 17 Cyc.
1288-2. There was no consideration for the bond. 64
Ark. 636-7; 54 *Id.* 152.

3. The bond is not binding as a common law obliga-
tion. 38 Ark. 77; 36 *Id.* 273; Kirby's Digest, § § 3279,
3283.

4. The purchaser only gets such title as the execu-
tion defendant had. 7 Ark. 434; 27 *Id.* 99; 42 *Id.* 462; 15
*Id.* 73; Freeman on Ex. § 301; Freeman on Judg. § 208.
*Caveat emptor* applies. 74 Ark. 596.

*Allyn Smith,* for appellee.

1. Defendant stood on his demurrer. The com-
plaint states a cause of action. 200 S. W. Rep., par. 2, p.
1028. Where real estate is sold under execution and is
claimed as exempt, the purchaser is entitled to recover
the purchase money paid. 203 S. W. 1015; 55 Ark. 139.
The rule *caveat emptor* does not apply. 73 Mo. 326. The
purchaser is entitled to recover his money back. 72 Mo.
192; 45 *Id.* 393; 10 Tenn. 394; 9 Gratt. 708; 17 *Id.* 85; 10
Neb. 130; 28 Ark. 485; 27 *Id.* 23. See also 19 S. C. 572;
32 Conn. 98; 7 Ky. (4 Bibb) 41; 64 Conn. (1 Buch.) 311.

2. The bond is valid and the money can be recovered
back. 38 Ark. 72-77; 26 Iowa 202; 175 U. S. 91; 90 Iowa
265; 175 U. S. 79.

WOOD, J., (after stating the facts). Section 3246
of Kirby's Digest reads as follows: "If an officer who
levies, or is required to levy, an execution upon personal
property, doubts whether it is subject to execution, he
may give to the plaintiff therein, or his agent or attorney,
notice that an indemnifying bond is required." Doubt-
less the sheriff required the execution of the bond under
the supposed authority of the above statute, but the stat-
ute confers no such authority before the levy of an execu-
tion in his hands upon real property. The bond had no
binding force against the appellant under the above stat-

ute. See *Williams* v. *Skipwith,* 34 Ark. 529, and *Walker* v. *Fetzer,* 62 Ark. 138, 139.

The facts stated in the complaint show that the lands, which afterwards proved to be a homestead, were levied upon and sold under an execution issuing out of the circuit court based upon a valid judgment. *Prima facie,* the property of a judgment debtor is subject to execution. The homestead right, or the right to claim a homestead as exempt from sale under execution, is a personal privilege. "As against all the world except the debtor and his wife," as is said in *Snider* v. *Martin,* 55 Ark. 139, "the sale is valid, and it is valid against them unless they, or one of them, elect to defeat it. If they neglect or refrain from asserting such right, the debtor's title vests in the purchaser. It cannot be said, therefore, that nothing passes; it is more nearly correct to say that the purchaser takes a defeasible estate and it is sufficient to constitute a valuable consideration." See also *Blythe* v. *Jett,* 52 Ark. 549; *Jones* v. *Dillard,* 70 Ark. 71.

Under the authority of the above case, the defeasible title of appellee which he obtained by purchase of the land was, to say the least, a legal consideration for the note which he executed to the sheriff. In *Pullen* v. *Simpson,* 74 Ark. 596, it is said: "The doctrine of *caveat emptor* is in fullest force in sales under execution." See *Allen* v. *McGaughey,* 31 Ark. 253, 258; *Fulbright* v. *Morton,* 131 Ark. 492, 499. According to the allegation of the complaint, the land was sold by the sheriff and purchased by the appellee on July 19, 1915. At that time the appellee was legally bound to execute his note for the purchase price of the land and to pay the same when it became due. Such was the effect of his contract of purchase, as evidenced by the note. The note was based, as already stated, upon a perfectly-valid consideration. The appellee, *suo motu,* had no right to demand of the appellant the execution of a bond to indemnify him as a condition upon which he would perform his contract to pay the note. Nor did the sheriff, for the benefit of appellee, have any such right.

Appellee was bound to know that he was purchasing the land subject to the homestead right, that is, the privilege of the execution debtor or his wife to claim the land as a homestead. The defeasible title which appellee thus obtained constituted the consideration for his contract evidenced by his note, and appellee was bound to perform his contract according to its terms. "The payment of a sum of money by one who is already legally bound to pay the same is not a valid consideration for a contract." *Killough* v. *Payne,* 52 Ark. 174; *Worthen* v. *Thompson,* 54 Ark. 151, 152. Hence the appellee could not be heard to say that the payment of his note was the consideration for the bond in suit.

Since there was no statutory authority for this bond, and no consideration for it when treated as a common law obligation, no right of action in favor of the appellee could be predicated upon it. Therefore, the court erred in not sustaining appellant's demurrer to the appellee's complaint. The court below should have entered a judgment in favor of the appellant dismissing the appellee's complaint and in favor of appellant for his costs. The judgment of the circuit court is therefore reversed, and the above indicated judgment will be entered here.