HOLMES v. THOMPSON

5-3890                                    402 S. W. 2d 400

Opinion delivered May 9, 1966

*Donald F. Seay, Ward & Mooney,* for appellant.

*James F. Daugherty, Shaver & Shaver,* for appellee.

GEORGE ROSE SMITH, Justice. This is a foreclosure suit brought by the appellee Vance M. Thompson and his trustee upon three promissory notes, each secured by a separate deed of trust. The defendants, Roddy Holmes and his wife, pleaded the five-year statute of limitations

as a bar to all three notes. Ark. Stat. Ann. § 37-209 (Repl. 1962). The chancellor sustained the plea as to one note but rejected it as to the other two. The correctness of the latter holding is the issue here.

This suit was filed on August 7, 1962. One of the notes, for $600, was then barred on its face, for the due date of its last annual installment was December 1, 1954. In finding that this note was not barred the chancellor evidently concluded that its maturity date had been extended by agreement. There is no contention, however, that either debtor signed a written acknowledgment of the debt, by which the running of the statute would have been tolled. Ark. Stat. Ann. § 37-216; *Burnett* v. *Turner,* 105 Ark. 290, 151 S. W. 249 (1912).

Thompson testified that when Holmes made an interest payment in the fall of 1956 Thompson agreed to extend the due date of the note to December 15, 1957. Thompson states that he, at Holmes's insistence, then made this endorsement on the back of the note: "Int paid to 11-1-56 and agreed to extend all payment to 12-15-57." The oral extension agreement, which Holmes denies having made, is now relied upon to arrest the running of the statute.

We are unable to find any semblance of a valid consideration for the asserted agreement. All Holmes did was to make a payment of interest that was unquestionably long past due. We have repeatedly held that such a payment is not a sufficient consideration for a supplementary contract. An early statement of the rule appears in *Killough* v. *Payne,* 52 Ark. 174, 12 S. W. 327 (1889): "The consideration of this promise was the payment, by Edgar, Gage & Co., of an undisputed debt due from them to Killough & Erwin . . . ; but the payment of a sum which one is already legally bound to pay is not a valid consideration for a contract."

The principle was restated in *Feldman* v. *Fox,* 112 Ark. 223, 164 S. W. 766 (1914): "If no benefit is received

by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject matter of the original one." Later cases to the same effect include *Buchanan* v. *Thomas,* 230 Ark. 31, 320 S. W. 2d 650 (1959), and *De-Soto Life Ins. Co.* v. *Jeffett,* 210 Ark. 371, 196 S. W. 2d 243 (1946). We must reverse that part of the decree which permits the enforcement of the $600 note.

The other note, for $2,141, presents a different question. That note was payable in five successive annual installments beginning December 15, 1956, and was therefore not barred on its face when the suit was filed. The debtors contend, however, that the note contained an automatic acceleration clause which had the effect of making the entire indebtedness immediately due when the first principal installment was not paid on December 15, 1956. The difference between an automatic acceleration clause and an optional one was examined in *Mitchell* v. *Federal Land Bank,* 206 Ark. 253, 174 S. W. 2d 671 (1943).

Here we have an automatic clause, but we do not find that the debtors' default was such as to set it in motion. The note, after providing for interest at 8 per cent per annum, payable annually, goes on to declare that "if said interest is not paid within thirty days from the time the same may become due, for any payment thereof, then the whole of the said sum with all interest due thereon, shall at once become due and payable." It will be seen that the acceleration of maturity occurs if an installment of interest is not paid within thirty days after its due date. There is no declaration that a default in the payment of an installment of the principal accelerates the maturity of the debt.

Thompson testified that Holmes paid the interest that was due on December 15, 1956. Thompson stated that he then entered this endorsement on the back of the

note: "On Dec. 15-56 paid interest to date $85.64 and agreed to extend payment due this date to 12-15-57. VMT." Holmes testified that the payment of interest was made on October 26, 1956, but even if that testimony was meant to imply that there was a default in the payment of interest due on December 15 of that year, the issue is one of credibility, upon which we defer to the chancellor's better opportunity to reach a decision.

As we have seen, the attempt to extend the due date of the 1956 installment of principal was ineffective, for want of consideration; so to that extent only the statute had run when this suit was filed. The appellee is entitled to collect the other four installments of the principal.

The decree is affirmed in part and reversed in part, and the cause is remanded for the entry of a decree consistent with this opinion. Each party will pay his own costs.

BLAND, J., not participating.