## HARRIMAN v. EGBERT AND AUDUCK.

**Principal and surety:** NOTICE TO CREDITOR TO BRING SUIT. A notice by a surety to the creditor to bring suit upon the obligation should demand that a suit be brought against all the parties, and not simply against the principal; otherwise, failure of the creditor to bring suit would not discharge the surety.

*Appeal from Clayton District Court.*

FRIDAY, MARCH 21.

ACTION upon a promissory note. Judgment for plaintiff. Defendants appeal. The facts of the case are found in the opinion.

*John F. Stoneman* for the appellant.

*Noble, Hatch & Frese* for the appellee.

BECK, Ch. J. — This action is upon a promissory note signed by defendants as sureties of another. The answer to the petition as a defense sets up that the principal in the note, prior to the commencement of the suit died, and that administration was granted upon his estate, and that thereafter, and before the institution of this action, defendants, apprehending the estate might become insolvent, did require plaintiff to institute proceedings upon the note, or to permit them so to do, at their cost, in plaintiff's name.

A copy of the request is set out in the petition. It is in the form of a letter; the material part thereof is in these words: "I am afraid Mr. Richardson's estate may prove to be insolvent, in whole or in part, but as the estate is being administered upon, I wish you would bring suit on the note and try and make it out of the estate before suing me and Mr. Auduck. You ought to do this, as it will be extremely hard to make us pay it, and you ought to make as much as possible out of the estate; or, if you don't want to be at this trouble, will you not allow Auduck and myself to bring the suit in your name, and we will pay all expenses and costs. This will be a great favor to us, and I hope you will do so. You can send the note, or a copy of it, by the bearer; if you will be kind enough to do so, and we will do the best we possibly can." This is signed by Egbert. The other defendant appended a request in these words: "I wish you would consent to grant Mr. Egbert's request. * * * If you will first sue the estate as Egbert requests, this will help us both out to some extent at least." The creditor, it is alleged, failed to comply with this request. To the answer of defendants, plaintiff demurred on this ground, among others, that the request set out does not comply with the statute authorizing a surety to require the creditor to sue, or permit the surety to sue on the contract at his cost, and in default of compliance by the creditor, discharging the surety. The demurrer was sustained.

The letter above set out requests the creditor to sue the estate of the principal, prior to an action against the sureties. The statute provides that the sureties may require the creditor

to institute proceedings on the contract, or to permit them to do so, at their own costs, in the creditor's name. Rev., § 1819. It is very plain from the language of this section, that the action contemplated, and which the sureties may require of the creditor to institute or to permit to institute in his name, is upon the contract, and against the sureties as well as the principal. This is rendered certain by the express language of the following sections, especially 1821.

The request of the sureties therefore does not comply with the provisions of the statute; they are not, for that reason, protected by the failure of the plaintiffs to commence the action against the estate, as he was solicited in their letter.

It is unnecessary to consider other questions presented in argument, as the point determined disposes of the case.

Affirmed.