## BLUTHENTHAL *v.* ATKINSON.

### Opinion delivered January 10, 1910.

1. LANDLORD AND TENANT—FORFEITURE OF RIGHT TO RENEW LEASE.—Where a contract of lease stipulated that the lessee should have the privilege of renewing the lease upon giving notice for a certain length of time before termination of the lease, the giving of such notice was a condition precedent, upon whose nonperformance the right of renewal of the lease was forfeited. (Page 257.)

2. SAME—FAILURE TO GIVE NOTICE OF RENEWAL OF LEASE.—When a lease stipulated that the lessee might renew it by giving notice of his intention to do so, without designating how the notice should be given, a forfeiture of such right of renewal will not be relieved against in equity on the ground of accident or mistake where the notice was mailed in apt time, but was never delivered to the lessor. (Page 258.)

3. EVIDENCE—PRESUMPTION OF DELIVERY OF LETTER.—Where a letter has been properly mailed, there is a presumption that it was duly received by the person to whom it was addressed, but such presumption may be rebutted. (Page 259.)

4. ESTOPPEL—SILENCE.—Where a lessor in apt time mailed a letter to his lessee, notifying her that he desired to renew his lease, but she never received such letter, the fact that he subsequently met the lessee and, without mentioning the letter, spoke to her about making certain improvements on the property after the original lease should expire, and that she did not mention that she had not received his letter, did not estop her from denying that she had received the letter. (Page 259.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant entered into a lease contract with appellee's intestate on August 1, 1903, for a certain brick store building on Main Street in Pine Bluff, Arkansas, to continue for five years, ending September 1, 1908. This contract provided that the lessee might renew the lease for five years upon the same terms and conditions, "but the said lessee shall give the said lessor sixty days' notice if he so desires to occupy said building."

The provision of sixty days' notice required the lessee to give notice not later than July 1, 1908, in order to be in time. The term of the lease expired. The lessee failed to give the notice, and the appellees demanded possession of the premises, which was refused, and appellees brought this suit to recover same and damages in the sum of $1,050.

Appellant answered, admitting possession, but denying that he held without right. He set up the lease contract between himself and appellee's intestate, and alleged that he had faithfully paid the rent and complied with every requirement of the contract save as to the payment of rent not then due, which he tendered in court.

Appellant also for equitable defense set up "that on June 26, 1908, he wrote a letter to appellee, Mrs. J. C. Atkinson, stamped same with 2-cent postage, and deposited it in the United States mails at Pine Bluff; that in due course of mail the same would have reached and been delivered to appellee on the same afternoon or the morning following, and appellant in writing and mailing said letter honestly believed that same would

be duly delivered; that thereafter appellant met the same appellee on the street, and, under the firm impression that said notice had been received, he advised with appellee concerning certain improvements to be made by him on said building which were not to be begun until after October, 1908, and the appellee at that time did not advise appellant that he had never notified her of his intention to retain possession after September 1, and consequently would have no right to make improvements after that date.

"Appellant paid rent promptly and continued in possession of the property after September 1, 1908, with the intention to retain said property during the additional term, nor was he advised that appellee claimed the contract at an end until after she had refused to accept the rent for the month of September, at which time she first stated that appellant had failed to avail himself of the extension option. Appellant immediately advised appellee that he had given notice of his intention to remain in possession of said property at the time above referred to, and at the same time gave additional notice to her that he would remain in posession under the lease contract, tendering her the moneys due for rentals of the property under said contract, which she declined.

"Appellant states that he honestly intended to remain in possession of said building during said additional term, and intended to give notice of such intention, and that, if said letter so mailed by him to appellant was not received by her in the usual course of mail, it was an unavoidable accident and a surprise to him.

"Appellant further states that he was unable to discover the fact that said letter had not been received by appellee by the use of reasonable diligence, because he says that the envelope in which said notice was mailed bore on its left hand corner a request that the same be returned to appellant, if not delivered within five days, and appellant charges that, notwithstanding said request, the envelope and notice were never returned to him, and, but for unavoidable accident, if the letter had not been delivered, the same should have been returned to appellant; that the appellees, believing that appellant intended to remain in said building for said additional term, did not attempt to lease nor have they leased the same to any other person, and they

have in no wise been damaged on account of a failure to receive such notice, but that, if it be determined that appellees were damaged by failure to receive such notice, he offers and tenders into court all moneys that may be due them for damages as a result of the unavoidable accidents as aforesaid. He prays that the lease be by the court declared to be in force for five years from September 1, 1908, and that, upon the payment of the rental specified therein, he be permitted to occupy said building, under the terms of said lease, and that, inasmuch as this answer raises issues strictly cognizable in a court of equity, he prays that the cause be transferred to the Jefferson Chancery Court for final determination."

The court refused over appellant's objection to transfer the cause to the chancery court. The court instructed the jury that the notice required by the contract must have been actually received by the lessor, that the burden was on appellant to show that he had given the notice, that no particular form of notice was required, nor was it necessary to have same served by an officer; that any communication, verbal or written, actually delivered to plaintiff in due time, would be sufficient.

The court submitted to the jury on the evidence adduced the question as to whether appellees received the notice in due time, and on this subject instructed the jury as follows:

"If you find from a preponderance of the evidence that on the 25th day of June, 1908, the plaintiff was residing in Pine Bluff, Arkansas, and that on that day the defendant wrote a letter to plaintiff notifying her of his intention and desire to claim the benefit of his option and renew the lease for another term of five years, enclosed the same in an envelope, addressed it to plaintiff at the city of Pine Bluff, Arkansas, placed thereon the necessary postage stamps and mailed it to her in said city, then the law presumes that it was delivered to her in due course of time, and the burden is on the plaintiff to show by a preponderance of evidence that she did not receive it."

The court further instructed the jury that: "By the terms of the contract the option was with the defendant to renew the lease or not as he might elect. If he elected to renew it, he was bound to give notice of such intention within the time specified. The plaintiff was not required to do anything in the

matter, and had a right to remain silent regarding it, if she chose."

The court refused prayers by appellant telling the jury in effect that if appellant mailed a letter notifying appellees that he would avail himself of his option to extend the lease under the contract, and that such letter in due course of mail would have reached the lessors before July 1, 1908, this would be sufficient to constitute the giving of the notice required, notwithstanding any testimony on the part of appellees to the effect that such letter and notice were not received.

The court also rejected prayers of appellant seeking to have questions of estoppel and waiver, under the evidence, submitted to the jury. Objections were made and exceptions reserved to the rulings of the court on the declarations of law. There was a verdict in favor of appellees for $1,040.50. Judgment was entered for that sum, and this appeal seeks to reverse the judgment. Other facts stated in opinion.

*White & Alexander* and *Ben J. Altheimer,* for appellant.

To relieve against mistakes and accidents is one of the principal objects and most important duties of courts of equity. 25 Ark. 373. A letter properly directed and mailed will be presumed to have reached its destination. 111 U. S. 193; 2 H. Blk. 509; 16 M. & W. 124; 1 H. L. Cas. 381; 3 Watts 321; 2 Zabr. 190; 53 Pa. St. 289; 61 N. Y. 362; 105 Mass. 391. Equity will relieve against accidents and mistakes. 59 Am. Rep. 742; 10 Wis. 123; 42 Ind. 212; 69 L. R. A. 833; 29 Vt. 378. Failure to comply with conditions requiring notice of an intention to renew will be relieved against in equity if the party has acted fairly, and no injury was done to the other by failure to give the notice within the time limited. 42 Ind. 212; 12 Abb. Cas. 50; 26 O. Cir. 16. Posting notice in due time, properly directed, is sufficient. 1 Pick. 401; 10 Pet. 574.

*Crawford & Hooker,* for appellees.

If a lease expressly requires a notice of lessee's intention to renew, such notice must be given. 18 A. & Eng. Ency. Law, p. 692; Story on Eq. Jur., § 105. The notice required was a condition precedent. Bish. Eq., § 175; Jones on Landlord and Tenant, § 342. Notice is knowledge or information. 43 Conn. 53; 81 Ala. 140; 1 So. 773; 131 Cal. 582; 63 Pac. 915; 1 Dak.

387. The lessee must give the notice provided for by the contract. 106 Cal. 220.

WOOD, J., (after stating the facts:) 1. Appellant, lessee, under the contract had a lease of the building as follows:

"For the term of five years from and after the first day of September, 1903, with the privilege on the part of the said lessee to occupy the said building for five years longer upon the same terms and conditions as herein described, but the said lessee shall give the said lessor sixty days' notice if he so desires to occupy said building."

When the five years expired, the lease for that term was at an end. But appellant had the privilege of occupying the building on the same terms and conditions, provided he complied with the condition to give notice. As we construe the contract, this condition as to notice was a condition precedent to another lease upon the same terms and conditions for a period of five years. The language of the stipulation as to the sixty days' notice was such as to make time of the essence of the contract, so far as obtaining a further term of lease for five years is concerned. Until this condition precedent as to notice was complied with, no rights vested in appellant to occupy the premises for another five years under the same terms and conditions that he was then occupying them. A court of equity can not make contracts for parties, and cannot be invoked to compel parties to make contracts. Here there was no contract for an additional term of five years until the notice was given. The forfeiture here, if it be proper to call it such, was not of rights under a contract entered into for another term of five years, and because of a breach of some condition subsequent, but the forfeiture was of the right to continue to occupy the premises for another term of five years because of a failure to comply with a condition precedent. The appellant had no leasehold estate in the premises for a new term of five years, nor the right to have such created, until he had given the notice required by the lease contract. Where the condition must be performed before the estate can commence, it is called a condition precedent; but where the effect of it is either to enlarge or defeat an estate already commenced, it is called a condition subsequent. The former avoids the estate by not permitting it

to vest until literally performed. Taylor on Landlord & Tenant, § 27.

The appellant had the option or privilege, upon complying with the terms of the lease contract as to notice, of a further term of five years. The covenant bound the lessor to grant the lessee the further term upon notice given, but it did not · bind the lessee to give the notice. In such case, "if notice is stipulated for, it must be given." "From the nature of a condition," says Mr. Taylor, "it is obvious that equity cannot relieve from the forfeiture of an estate which arises 'upon a condition precedent unperformed."' Taylor, Landlord & Tenant, § 277; 1 Pom., Eq. Jur., § 455.

There is no analogy in the case at bar to cases where equity, for sufficient cause, intervenes to prevent a forfeiture of existing contract for breach of its terms.

The answer contained no allegation that called for the interposition of a court of equity. The chancellor therefore did not err in overruling the motion to transfer. Furthermore, the contract did not require the notice to be given through the mails. Any other method of giving the notice to the lessor would have been sufficient. The accident, so called, of a failure to get the notice to the lessee by letter was not unavoidable. Appellant voluntarily selected this method. He could have avoided the miscarriage of the letter through the mails by not using the mails and by giving the notice some other way.

The attempt to give the notice by letter was not a mistake on the part of appellant. He intended to give it this way, but he knew he could give it orally or by sending notice through a messenger, or officer. He chose the mails. This was not a mistake at all, or, if so, certainly not one that a court of chancery will correct. It was the duty of appellant under the contract to give the lessor notice. Nothing short of the information which the contract specified, communicated in some manner to the lessor, would fulfill the requirements of the law. Appellant, having choice of a number of agencies to make the communication, is responsible if through the agency chosen he fails to make it. The failure in such case is but the failure at last of the one making the selection of methods, and equity can not relieve from the consequences of such failure on the ground of accident or mistake.

The answer, from any viewpoint, did not call for the interposition of a court of chancery.

2. The circuit court having refused to transfer the cause to the chancery court, it stood for trial on the issues presented by the complaint and the answer first filed. These were submitted to the jury upon correct instructions. The evidence on behalf of appellant tended to prove that he attempted to give the notice in the manner set up in the answer that was made the basis of the motion to transfer. After the letter containing the notice was written, it was sealed, stamped with a two-cent postage stamp, directed to Mrs. J. C. Atkinson, and given to appellant's agent to mail. Appellant "paid no further attention to it until he received notice to quit."

The evidence on behalf of the appellees was to the effect that no letter containing notice of appellant's intention to take the premises for the further period of five years was received.

Where a letter has been properly mailed, the law raises a presumption that it was duly received by the person to whom it was addressed, but, as was said by the Supreme Court of the United States in *Rosenthal* v. *Walker,* 111 U. S. 193, "the presumption so arising is not a conclusive presumption of law, but a mere inference of fact founded on the probability that the officers of the government will do their duty." As was declared by our court in *Planters Ins. Co.* v. *Green,* 72 Ark. 305, "the presumption, in the absence of evidence to the contrary, is that it was received, but this presumption may be rebutted."

The evidence showed conclusively that the letter was not received, but nevertheless the court submitted the question to the jury to determine from all the evidence, instructing them properly as to the presumption of delivery that arises in the usual course of business connected with the proper mailing of a letter and the handling of the same by the officers of the government, and charged the jury that the burden was on the appellees to overcome this presumption by a preponderance of the evidence. The court thus gave appellant the benefit of this presumption of delivery as evidence in the case, and conformed its charge in this respect to the rule announced in the above cases.

There was evidence on behalf of appellant tending to show that some time in July, after he thought the notice had been received by appellees of his intention to occupy for another term

of five years, he met Mrs. Atkinson on the street and "mentioned to her about putting in the front the same as the Grand Leader front" to the store. It would have taken some time to put in this front, and appellant intended to put the improvements in some time in September or October, 1908. He did not say anything about the lease because he thought his letter had reached Mrs. Atkinson. She "did not at that time mention that she had not received the letter."

Upon this evidence appellant predicates error in the refusal of the court to grant his prayers seeking to have the question of waiver and estoppel submitted to the jury. There was nothing in the above testimony to constitute an estoppel against appellees, nor to show that the notice required by the contract was waived. On the contrary, the court correctly instructed the jury that Mrs. Atkinson, under the evidence, was not required to do anything in the matter, and had a right to remain silent regarding it if she chose. If she had done or said anything prior to the time for giving the notice, or after it should have been given, showing that she waived it, the case would have been different. She did not receive any rents after the lease expired, nor did she do or say anything whatever at any time that would show an intention to waive her rights under the lease, nor to estop her from maintaining this suit for the possession of the premises and damages for the unlawful detention thereof.

The judgment is affirmed.