GLENN v. UNION BANK & TRUST COMPANY.

Opinion delivered October 3, 1921.

1. PRINCIPAL AND SURETY—REQUIRING CREDITOR TO SUE.—Under Crawford & Moses' Dig. § 8287, 8288, providing that a surety on a note, after action accrued thereon, may in writing require the person having the right of action forthwith to sue the principal, and that if such suit be not commenced within thirty days after service of the notice the surety shall be exonerated from liability, a written notice to the creditor advising him to bring suit, but not requiring him to do so, is insufficient.

2. CONTRACTS—NOVATION.—Parties to a written contract may, subsequent to its execution, rescind it in part or *in toto* and substitute a new oral agreement therefor.

3. PRINCIPAL AND SURETY—RELEASE.—Release of a surety by the creditor in consideration of the debtor furnishing additional security *held* binding.

4. PLEADING—SUFFICIENCY OF ANSWER.—In an action against a surety on a note, an answer alleging a new contract whereby the bank holding the note in consideration of the principal debtor's assignment of a claim against the United States released the surety from liability was sufficient, though it did not allege that the president of the bank had authority to make the contract; such authority being a matter of evidence.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

STATEMENT OF FACTS.

The Union Bank & Trust Company sued E. H. Glenn to recover the sum of $1,390 alleged to be due plaintiff on a promissory note executed by the defendant and others.

As a defense to the action the defendant stated that he had signed said note as surety for J. C. Sheperd and J. R. Wilson, who were the principals, and that after the note became due he wrote and mailed to the bank the following letter or notice:

"Denver, Col., June 10, 1920.

"C. D. Metcalf, Batesville, Ark.

"Dear Charley: I am just in receipt of yours of the 7th relative to the Sheperd and Wilson note.

"My advice would be for you to take the legal steps to collect the debt, advertise and sell the truck, etc., applying that on the debt, and getting a judgment for the balance."

We quote from the answer of the defendant another paragraph, as follows:

"Further answering plaintiff's complaint, defendant says that on the 4th day of August, 1919, his co-defendant, J. C. Sheperd, made an assignment of his 'war minerals claim' against the government of the United States, under the 'War Minerals Relief Act,' which assignment was in writing, and that in consideration of said assignment being made, and to secure further loans from plaintiff bank, it was agreed between the defendant, Sheperd, the defendant, E. H. Glenn, and D. D. Adams as president of said bank, that this defendant should and would be released from all liability on said note aforesaid."

The plaintiff filed a demurrer to these two paragraphs of the answer, which was sustained by the court. The defendant refused to plead further, and, upon final judgment being entered against him on the demurrer, duly prosecuted an appeal to this court.

*W. M. Thompson,* for appellant.

1. Appellant had the right under the law to require the appellee to bring suit against the principal debtor. C. & M. Dig. § 8287. The statute must be strictly construed. 82 Ark. 407; 124 *Id.* 48; 127 *Id.* 462; 128 *Id.* 221. If, after notice by the surety in writing to the creditor to

sue the principal debtor, the creditor fails to bring suit within thirty days, the surety is discharged. 48 Ark. 254; 82 *Id.* 407; 124 *Id.* 48. The statute does not prescribe any form of notice; therefore, substantial compliance is sufficient. 124 Ark. 48; 29 *Id.* 579.

2. The court erred in sustaining the demurrer to the second paragraph of the amended answer. The consideration for releasing the surety by the bank, on the assignment of the war claim, was sufficient under the facts set out in the second paragraph. An oral release from the terms of a written contract is binding. 94 Ark. 165. See also, as to consideration, 112 Ark. 503; 75 *Id.* 360; 34 N. J. L. 54; 2 Met. 283; 12 L. R. A. 463; 5 *Id.* 856; 43 U. S., 2 How. 426, 11 Law. Ed. 326.

*Samuel M. Casey,* for appellee.

1. The notice in the form of a letter advising appellee to "take the legal steps to collect the debt" was not a compliance with the requirements of the statute. C. & M. Dig. § 8287. It should be strictly construed. 82 Ark. 247; *Id.* 207; 113 *Id.* 198. A mere failure to sue a surety on a note or to enforce collateral security is no defense to the surety. 50 Ark. 229; 74 *Id.* 241; 88 *Id.* 108; 128 *Id.* 222; 35 *Id.* 469.

2. The second paragraph to which the demurrer was sustained fails to show any consideration to appellee for releasing appellant. 52 Ark. 174; 136 *Id.* 204. The purported agreement to release the appellant as surety was not such a contract as the president of the bank would be authorized to make, unless he was acting by authority of the board of directors. 62 Ark. 33; C. & M. Dig. § 683. The payment of a sum of money by one who is legally bound to pay the same is not a valid consideration for a contract.

HART, J. (after stating the facts). It is insisted by counsel for the defendant that the court erred in sustaining the demurrer to the first paragraph of his answer because he notified the plaintiff after the note became

due to sue the principal on the note forthwith, and that, the bank not having brought the suit within thirty days after the notice was given, the defendant is exonerated from liability on the note under the statute.

Section 8287 of Crawford & Moses' Digest requires that a surety on a note in order to exonerate himself from liability shall, after the note becomes due, by a notice in writing, require the person having the right of action to forthwith commence suit against the principal debtor and other party liable. The following section provides that, if such suit be not commenced within thirty days after the service of the notice, the surety shall be exonerated from liability to the person notified.

In *Wilson* v. *White,* 82 Ark. 407, the court held that the statute, being in derogation of the contractual rights of the parties, must be strictly complied with by the surety before he can claim exoneration from liability on the obligation sued on.

Under the language of the statute the requirement to sue must be unconditional. It contemplates a peremptory requirement of the surety to the creditor to commence suit forthwith.

The notice in the present case is advisory merely. The language is, "My advice would be for you to take legal steps to collect the debt * * * and getting judgment for the balance." The surety only advises the creditor to bring suit. The notice does not contain a demand or requirement for the creditor forthwith to commence suit. Not having shown a clear requirement or demand to the creditor to institute suit forthwith upon the note, the notice is insufficient because it is merely advisory, or at most a request to collect from the principal, and, if he fails to do so, to bring suit.

This view of the statute is taken in the early case of *Bates & Hughes* v. *State Bank,* 7 Ark. 394. In that case the surety gave notice to and requested the bank "to put the obligation in a train of collection," and the court held that the notice was not sufficient under the statute. The

court said that the statute gave the surety the right to require the plaintiff to commence suit forthwith, but that, if he wished to exonerate himself from liability, he must give such notice as to leave no option with the plaintiff. To the same effect see 32 Cyc. 104; *Baker* v. *Kellogg,* 29 Ohio St. Rep. 663; *Rice* v. *Simpson,* 9 Heisk. (Tenn.) 809; *Parrish* v. *Gray,* Humph. (Tenn.) 87; *Kennedy* v. *Falde* (Dak.), 29 N. W. 667; *Benge* v. *Eversole* (Ky.), 160 S. W. 911, and *Edmonson* v. *Potts* (Va.), 21 Ann. Cas. 1365.

It is also contended that the judgment should be reversed because the court erred in sustaining a demurrer to the second paragraph of the answer, and in this contention we think counsel for the defendant is correct.

Counsel for the plaintiff seeks to uphold the judgment on the rule laid down in *Smith* v. *Spradlin,* 136 Ark. 204, and cases cited, to the effect that the payment of a sum of money by one who is already legally bound to pay the same is not a valid consideration for a contract. Counsel claims that, inasmuch as the defendant was already bound to pay the note, there was no consideration for the contract whereby he was released from the payment of it, and that the case calls for the application of the well-known rule just announced. We do not think, however, that the rule contended for has any application to the facts of the present case. According to the allegation of the answer, the parties entered into a new contract with essentially different terms and imposing additional obligations upon the bank and the principal debtor.

In *Weaver* v. *Emerson-Brantingham Implement Co.,* 146 Ark. 379, the court held that the parties to a written contract may, subsequent to its execution, rescind it in part, or in whole, and substitute a new oral agreement therefor. Hence the parties had a right to make the new agreement. According to the allegations of the answer, which must be taken as true on demurrer, J. C. Sheperd, the principal debtor, made an assignment in writing of

his war minerals claim against the United States to the bank, and it was agreed between Sheperd,. the principal debtor, Glenn, the surety, and the cashier of the bank that the surety should be released from liability on the note.

The assignment of Sheperd's claim against the United States to the bank constituted additional security to the bank. The bank had the right to accept this new security in lieu of the surety, and its action in doing so was sufficient consideration for making the new contract. The president of the bank doubtless thought that the assignment of Sheperd's claim against the United States was better security for the bank than the signature of Glenn to the note, and for that reason made the contract. In any event he had the right to make the agreement with Sheperd and Glenn that the latter should be released from liability on the note in consideration that Sheperd would assign his claim against the United States to the bank. See *Kilgore Lumber Co.* v. *Thomas*, 98 Ark. 219, and *Phoenix Cement Sidewalk Co.* v. *Russellville Water & Light Co.*, 101 Ark. 22.

It is also insisted that the demurrer to the answer should have been sustained because the answer does not allege that the president of the bank had authority to make the contract in question. The authority of the president to make the contract would come up upon the proof in the case, and was not required to be alleged in the answer.

For the error in sustaining the demurrer to the second paragraph of the answer, the judgment must be reversed, and the cause remanded for a new trial.