Pacific Mutual Life Insurance Company v. Hawkins.

4-5034

Opinion delivered April 18, 1938.

1100

· Wilbur D. Mills, John M. Lofton, Jr., and Owens, Ehrman & McHaney, for appellant.

J. L. Bittle and C. E. Yingling, for appellee.

HUMPHREYS, J. Appellee brought this suit against appellant in the circuit court of White county to recover $25 per month from December 18, 1935, and the premiums he paid after that date under the total and permanent disability clause of a policy of insurance issued to him by appellant on the 5th day of October, 1923.

The total and permanent disability clause contained in the policy is, in part, as follows:

"Should the insured, before attaining the age of sixty and while this policy is in force and no premium thereon in default, become so disabled as to be totally and permanently unable to perform any work or engage in any occupation or profession for wages, compensation or profit, . . . the company will waive the payment of future premiums and pay the insured $25 immediately on receipt of due proof of such disability or loss and a like sum on the first day of each month thereafter as long as the insured shall live, and such waiver of premiums and payments to the insured shall not affect any other benefits or value granted under the conditions of this policy."

· It was alleged in the complaint that on the 18th day of December, 1935, as a result of disease, the insured

became totally and permanently disabled, and on said date furnished the appellant with proof of such disability; and on said date appellee had not yet attained the age of 60 years, and that all premiums had been paid; that appellee was entitled to recover $25 per month from and after December 18, 1935; that after said proof was furnished appellee paid three quarterly premiums of $15.75 each on November 5, 1936, and on February 5 and May 5, 1937; that appellant refused to admit appellee's disability or to pay him the disability benefits. Appellee prayed judgment against appellant for $47.25 as premiums paid appellant after disability commenced, and $25 per month from and after the 18th day of December, 1935, for 12 per cent. penalty, and a reasonable attorney's fee.

On the 15th day of June, 1937, appellant filed its answer admitting the issuance of the policy and its provisions and that the policy was in full force and effect in all respects, but denying that the appellee was then or ever had been since the policy was issued totally and permanently disabled within the meaning and terms of said policy, and denying that plaintiff was entitled to recover for the premiums paid after December 18, 1935, or for the benefits of $25 per month as alleged in the complaint.

On the 21st day of July, 1937, the cause was submitted upon the pleadings, the evidence introduced by the respective parties and instructions of the court resulting in a verdict and consequent judgment against appellant for $47.25 paid on premiums after December 18, 1935, and $25 per month from December 18, 1935, to July 22, 1937, the date of the trial, and a 12 per cent. penalty amounting to $62.67 and an attorney's fee of $200, from which is this appeal.

There is testimony in the record tending to show that on December 18, 1935, appellee, as a result of disease, became totally and permanently disabled and that on that date furnished appellant with proof of such disability; also that he remained in this condition until the date of the trial and might be reasonably expected to remain in such condition during his lifetime.

This evidence, however, was in sharp conflict with testimony introduced by appellant tending to show that appellee was not totally and permanently disabled on December 18, 1935, or at any time subsequent thereto or that such disability would continue during the time which appellee might reasonably be expected to live.

The clause in this policy or clauses very similar to this one have been involved in many cases on appeal to this court, and we have construed this clause and similar clauses to mean that an insured is totally and permanently disabled within the meaning of the clause "when his disability renders him unable to perform all the substantial and material acts of his business, or the execution of them in the usual and customary way." For this interpretation of such clauses in insurance policies reference is made to the cases of *Industrial Mutual Indemnity Co.* v. *Hawkins*, 94 Ark. 417, 127 S. W. 457, 29 L. R. A., N. S., 635, 21 Ann. Cas. 1029; *Ætna Life Ins. Co.* v. *Phifer*, 160 Ark. 98, 254 S. W. 335; *Ætna Life Ins. Co.* v. *Spencer*, 182 Ark. 496, 32 S. W. 2d 310; *Missouri State Life Ins. Co.* v. *Holt*, 186 Ark. 672, 55 S. W. 2d 788; *Mutual Benefit Health & Accident Ass'n* v. *Bird*, 185 Ark. 445, 47 S. W. 2d 812; *Mutual Life Ins. Co.* v. *Marsh*, 186 Ark. 861, 56 S. W. 2d 433; *Guardian Life Ins. Co.* v. *Johnson*, 186 Ark. 1019, 57 S. W. 2d 555; *Ætna Life Ins. Co.* v. *Davis*, 187 Ark. 398, 60 S. W. 2d 912; *Pacific Mutual Life Ins. Co.* v. *Dupins*, 188 Ark. 450, 66 S. W. 2d 284; *Travelers Insurance Company* v. *Thompson*, 193 Ark. 332, 99 S. W. 2d 254.

Before a recovery can be had under the clause in the policy in the instant case it must not only appear that the disability was total as interpreted in the cases cited above, but, also that the disability was permanent and would continue during the time which the appellee might reasonably be expected to live.

Appellant admits that under the rule of this court to the effect that a verdict of a jury will not be disturbed on appeal if supported by any substantial evidence, the verdict herein must stand if the law had been correctly declared by the court. It is contended, however,

that the court incorrectly declared the law in giving instructions 3 and 4 at the request of appellee. These instructions are as follows:

### Instruction No. 3.

"You are instructed that, if you find from a preponderance of the testimony that the plaintiff is totally and permanently disabled, as defined in these instructions, then, in addition to what you may find to be due plaintiff from defendant under the policy of insurance sued on by reason of such total and permanent disability, you will also find for the plaintiff in the sum of such premium or premiums as he may have paid upon such policy, if any, since becoming so totally and permanently disabled and since making proof of such disability to the defendant, as shown by the evidence."

### Instruction No. 4.

"You are instructed that, if you find from a preponderance of the testimony in this case that the plaintiff is totally and permanently disabled, as defined in these instructions, then your verdict will be for the plaintiff, and the measure of his damages is the total of the monthly amounts provided by the policy sued on from the date of the proof of such disability made by the plaintiff to the defendant, together with any premium or premiums which plaintiff has paid, if any, upon said policy of insurance since the date of making proof of his disability to defendant."

These instructions in effect told the jury that if appellee was disabled at the time of the trial then he was entitled to recover from December 18, 1935, irrespective of whether the jury found he was disabled on December 18, 1935. This is an incorrect declaration of law for appellee could not recover anything under the terms of the policy until he became totally and permanently disabled and the jury must have been instructed that it must find that he was disabled December 18, 1935, before appellant would have been liable for disability payments beginning on such date, and the jury should have been required to find that the disability continued from that date until the date of the trial and would continue during the time

which appellee might reasonably be expected to live before appellant would be liable.

Again neither instruction defines total and permanent disability, but attempts to define this provision by reference to other instructions.

One of the instructions referred to is instruction No. 5, which is as follows:

Instruction No. 5.

"You are instructed that if you find from a preponderance of the evidence in this case that the plaintiff's condition as a result of the illness or disease described by him in the proof of disability given by him to the defendant was then and is now such as to render him unable to perform all the essential acts of any calling for which he is fitted in the usual and customary manner, he is totally and permanently disabled within the meaning of the insurance policy sued on herein, and if you so find your verdict should be for the plaintiff."

This definition of permanent and total disability as used in the clause in the policy is incorrect because it does not embrace the essentials that before any verdict for liability might be found against appellant the jury must find that the total permanent disability must have been such a disability as would be expected to continue during the time appellee might reasonably be expected to live.

Appellee has called our attention to instruction No. 2 which he claims is a proper definition of total and permanent disability under the clause in question. Instruction No. 2 is as follows:

Instruction No. 2.

"You are instructed that permanent disability, within the meaning of the policy sued on, is such disability, if any, as may reasonably be expected to continue during the time which the plaintiff may reasonably be expected to live."

Appellee is correct in stating that this is a correct definition of permanent disability under the terms of the policy, but it is in direct conflict with instruction No. 5 quoted above which the court gave as a test of what was total and permanent disability within the meaning of the clause.

Instructions 3 and 4 were inherently incorrect in defining for the jury's direction total and permanent disability under the clause of the policy, and for this reason the judgment will have to be reversed. Our attention is called to instructions which were offered by appellant and refused by the court, but we deem it unnecessary to pass upon the correctness of those instructions as the case will have to be tried again, and maybe the same instructions will not be requested by appellant.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.