The W. T. Rawleigh Company *v.* Moore.

4-5235                                        121 S. W. 2d 106.

Opinion delivered November 14, 1938.

*Ingram & Moher* and *Cunningham & Cunningham,* for appellant.

*George M. Booth,* for appellee.

Smith, J.   On May 4; 1934, Earl James entered into a contract with appellant for the purchase of certain goods, wares and merchandise, and on the same day appellee and .two others entered into a written contract whereby they jointly and severally agreed to pay for any and all goods purchased from appellant by James for which James did not pay. The contract provided for the merchandise to be delivered f.o.b. Memphis, Tenn. Pursuant to this contract goods were sold and so delivered, upon which it is admitted a balance of $171.87 purchase money is now due. Demand for payment having been made upon and refused by James and his sureties, this suit was brought against all of them to enforce payment.

Appellee defended upon the ground that as a surety he had given notice pursuant to the provisions of §§

10864 and 10865, Pope's Digest, requesting suit be brought, and that the failure to comply with this demand had exonerated him from liability. The sales contract and the surety contract are printed, and were executed on the same page of a single sheet of paper. The contract signed by the sureties provides that ". . . any notice in any way effecting the rights of the seller must be delivered by registered mail to the seller at its office at Memphis, Tenn."

Appellee testified that he wrote appellant the following letter:

"Pocahontas, Arkansas,
"May 25, 1935.

"The W. T. Rawleigh Company,
"Freeport, Illinois.
"Dear Sir:

"This is to notify you that unless a suit is commenced forthwith against Earl James of this, Randolph county, Arkansas, upon the indebtedness which you claim is due you under the surety bond which you took from James and which I signed as surety, I will deny liability under it. Mr. James is the principal debtor and unless you commence suit forthwith I will not be liable under our law in Arkansas. I understand that Mr. James is liable to leave the state soon.

"Very truly yours,
"John J. Moore."

It will be observed that this letter is addressed, not to Memphis, Tenn., but to Freeport, Illinois, which city is the home office of appellant company. Appellee testified that this letter was placed in a properly addressed and stamped enveloped; but the testimony on appellant's part is that it was never received.

Appellee had previously—on January 2, 1935—written the following letter:

"The W. T. Rawleigh Co.,
"Freeport, Ill.
"Gentlemen:

"In regards to your letter of Dec. 31, 1934, with reference to the surety debt of Earl James, beg to state

there must be a misunderstanding somewhere, as I spoke to this Earl James, personally, after your house in Memphis wrote and said he had failed to make a settlement in regards to his merchandise. He advised me that he had returned the unsold products and was waiting to hear from them. You kindly take this matter up with your Memphis house and let me know further.

"Awaiting your reply, I am

"Yours truly,

"John J. Moore."

This last copied letter shows that appellee was advised that the Memphis office had charge of this account.

In response to demands for payment appellee, on September 19, 1935, wrote the following letter:

"Gents—

"Referring to letter on reverse side beg to state that I am willing as far as my part is concerned to make you a note for my part payable in three months. However owen to conditions & misfortunes that have overtaken me in the past five months I am not worth anything and you would have a hard time getting anything out of me, however I do not wish to beat you out of anything. There is four of us on the bond and to show you that I am honest if you will give me a chance I will raise my part which would be ¼ of $150.00 in thirty days from today providing you will release me on the bal. as the other boys can raise their part or I think will if you will give them a chance. You will find you can do more by not lawing us fellows and think each will pay when they can. I am willing to do what I said and if you want to do that fix up the papers releasing my part and I will settle as stated.

"Yours truly,

"John J. Moore."

It will be observed that this letter makes no reference to the letter of May 25th, and makes no contention that appellee had been exonerated from liability as surety through failure to comply with its direction in regard to bringing suit.

There is a presumption of fact—and not of law—that, where a letter, properly and sufficiently addressed, and properly stamped, is mailed, it was received by the addressee in due course of mail. But this presumption ceases to exist where the addressee denies having received the letter. In that case it becomes a question of fact whether the letter was written or received. *The Travelers Ins. Co.* v. *Thompson,* 193 Ark. 332, 99 S. W. 2d 254.

Appellee's defense is predicated upon § 10864, Pope's Digest, which reads as follows: "Any person bound as surety for another in any bond, bill or note, for the payment of money or the delivery of property, may, at any time after action hath accrued thereon, by notice in writing, require the person having such right of action forthwith to commence suit against the principal debtor *and other party liable.*"

It is true, as appellee contends, that this section does not require service of this notice in the manner of serving notices provided by the Code (*Glenn* v. *Union Bank & Trust Co.,* 150 Ark. 38, 233 S. W. 798), and that service by letter, actually written and received, is sufficient, although the general rule is stated to the contrary in § 296 of the chapter on Principal and Surety in 50 C. J., p. 181. But the notice must be given, and must "require the person having such right of action forthwith to commence suit against the principal debtor *and other party liable.*"

Similar statutes are found in many—if not all—of the states, and the universal rule for their construction is that, inasmuch as they are in derogation of the common law, and operate to abrogate an otherwise valid contract, they must be strictly construed, and must be strictly complied with.

It was said in the early case of *Cummins* v. *Garretson,* 15 Ark. 132, that "The security has no reason to complain of hardship in being required to pursue the statute strictly. He may, as he could before its enactment, comply with this contract, and by paying the debt,

take into his own hands the remedy against the principal;
. . . ."

Our later cases have not departed from this rule of
strict construction.

The contract of suretyship here sued on made the
sureties jointly and severally liable. The letter did not
direct that all persons liable be sued; it required that
action only against the principal.

In the case of *Harriman* v. *Egbert et al.*, 36 Iowa 270,
the headnote reads as follows: "A notice by a surety to
the creditor to bring suit upon the obligation should de-
mand that a suit be brought against all the parties, and
not simply against the principal; otherwise, failure of
the creditor to bring suit would not discharge the
surety."

Moreover, as has been said, the contract of surety-
ship provided "that any notice in any way affecting the
rights of the seller must be delivered by registered mail
to the seller at its office in Memphis, Tenn." Insomuch
as the statute, above quoted, makes no provision for the
manner of service of notice, we perceive no reason why
the parties may not contract on that subject and provide
the place where and manner in which notice, statutory
or otherwise, shall be served. Here, the letter was not
registered, and it was not addressed to Memphis, Tenn.

The case of *W. T. Rawleigh Medical Co.* v. *Laursen
et al.*, 25 N. Dak. 63, 141 N. W. 64, 48 L. R. A., N. S., 198,
was a suit by the appellant here upon a contract, no
doubt, similar to if not identical with the contract here
sued on. In that case the Supreme Court of North
Dakota said: "The rule, indeed is clearly laid down by
Story in his work on Contracts (5th Ed.), § 1133, where
he said: 'The only notice to which the guarantor has a
strict right is notice that his proposal of guaranty is ac-
cepted and will be acted upon, *and this right may be
waived by the form of the guaranty or by the manifest
intention of the parties as implied thereby.*' "

Here, the parties have contracted, as we think they
had a right to do, where and in what manner any notice
affecting the rights of the seller should be served. We

conclude, therefore, that the notice required by statute has not been given. No other defense is interposed. The accuracy of the account sued on was expressly admitted.

The judgment must, therefore, be reversed, and as the case appears to have been fully developed, judgment will be rendered here for $171.87, the amount of the account, with interest.