OLD REPUBLIC INS. Co. *v.* MARTIN.

5-1753                                      320 S. W. 2d 266

Opinion delivered February 2, 1959.

*Hardin, Barton, Hardin & Garner,* for appellant.

*Luke Arnett,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Mrs. Emma F. Martin, widow of Arthur L. Martin, was awarded compensation under the Workmen's Compensation Law because of the death of her husband due to silicosis. The Referee, Mr. L. D. Blair, made the award.

The issue here is whether appellant took a valid appeal to the full Commission from the decision of the Referee. The Referee's opinion was filed February 1, 1957.

The time in which an appeal could be taken expired thirty days thereafter. Ark. Stat. § 81-1325. Appellant contends the appeal was perfected; that the secretary for the attorney for appellant deposited in the mail a petition for review properly addressed to the Commission. The trial court held that although there was a presumption that the petition for review had been received by the Commission, such presumption was overcome by other evidence. The trial court prepared a well considered written opinion, in which it is said:

"Under the Arkansas decisions, where a letter was properly stamped and mailed, and was never returned to the sender, it is presumed that it was received, but this presumption may be rebutted. *Planters' Mutual Ins. Co.* v. *Green*, 72 Ark. 305, 80 S. W. 151. See West Digest "Evidence," heading 71 and cases there cited. See also, cited under same heading, *Taylor* v. *Corning Bank, etc.*, 183 Ark. 757, 38 S. W. 2d 557; *Harper* v. *Thurlow*, 168 Ark. 491, 270 S. W. 607; *Dengler* v. *Dengler*, 196 Ark. 913, 120 S. W. 2d 340; *W. T. Rawleigh Co.* v. *Moore*, 196 Ark. 1148, 121 S. W. 2d 106; *Cady* v. *Guess*, 197 Ark. 611, 124 S. W. 213, and *American Fidelity Fire Insurance Co.* v. *Winfield*, 225 Ark. 139, 279 S. W. 2d 836.

"Where a letter, properly and sufficiently addressed and properly stamped, was mailed, there is a presumption of fact, not of law, that the letter was received by the addressee in due course of mail, which presumption ceases to exist, where the addressee denies having received the letter, whereupon it becomes a question of fact whether the letter was written or received. *W. T. Rawleigh Co.* v. *Moore*, 196 Ark. 1148, 121 S. W. 2d 106.

"Presumptions give way to reality when facts opposing presumptions are presented, as term 'presumption' signifies that which may be assumed without proof or taken for granted and is defined as something asserted as self-evident result of human reason and experience. *Gray* v. *Gray*, 199 Ark. 152, 133 S. W. 2d 874.

"To the same effect, see *W. T. Rawleigh Co.* v. *Moore, supra* and *Travelers Ins. Co.* v. *Thompson*, 193 Ark. 332, 99 S. W. 2d 254.

"Under the cases above cited, it is uniformly held as a presumption of fact, not of law, that where a letter, properly and sufficiently addressed and properly stamped, is mailed, that it was received by the addressee in due course of mail. But the presumption ceases to exist where the addressee denies receiving the letter. In that case it becomes a question of fact whether the letter was received.

"The presumption arising where proof shows a letter properly mailed is not conclusive presumption of law, but a mere inference of fact founded on the probability that the officers of the government will do their duty. Such a presumption can of course be rebutted. *Bluthenthal* v. *Atkinson*, 93 Ark. 252, 124 S. W. 510.

"This Court without reservation can accept the evidence of appellant's attorney and his secretary that a letter dated February 13, 1957 was properly addressed and stamped to the Workmen's Compensation Commission in Little Rock. Duplicate letters or copies of the original were mailed to other parties. This evidence, of itself raises a presumption, factually, that the letter, evincing a desire to appeal from the award made by the Referee, was received. But under the cases cited, this presumption disappears and is dissolved when the receipt of the letter is denied by the addressee, Workmen's Compensation Commission.

"Mr. John E. Cowne, Secretary of the Commission, was meticulously cross-examined by counsel for respondents in an effort to show that some error might have occurred upon the part of the employees in the handling and filing of incoming mail; that an error was possible. This form of questioning addressed to Mr. Cowne, resulted in his giving in detail the method and procedure followed in the handling of mail and handling and transmission of legal papers to the proper person or official of the commission . . . The subsequent searches made for the letter requesting a hearing and review by the Full Commission, confirms at least the testimony of Mr. Cowne that the letter actually, and as a matter of fact had not been received.

"The Court does not care to indulge in speculation or conjecture, as to what occurred to the letter, but it is not impossible nor improbable that the letter, when mailed in Fort Smith, before transmission in due course, might have been lost or misplaced. The court prefers, however, to predicate its finding upon the evidence in the record.

". . .

"It is to be regretted that an incident, such as is shown in this case, has occurred affecting the right of review by the Full Commission. A rule by the Commission acknowledging receipt of notices of appeal or for review by registered mail, would eliminate the present unfortunate situation.

"The Court finds and holds under the evidence and record before it, that the Opinion filed October 18, 1957, by the Full Commission should be confirmed."

We agree with the opinion of the trial court.

Affirmed.

HARRIS, C. J., and WARD, J., dissent.