J.W. MULLINS, Earl MULLINS and Danny FORTNER
*v.* Ken VARNER

705 S.W.2d 17

Court of Appeals of Arkansas
En Banc
Opinion delivered March 12, 1986

*Brazil, Clawson & Adlong,* by: *William Clay Brazil,* for appellant.

*Fritzie Vammen,* for appellee.

PER CURIAM. Appellants' motion for Rule on the Clerk is granted.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. The court has today granted a motion for a rule on the clerk filed by the above named appellants who are attempting to appeal from an award in favor of their employee granted by the Workers' Compensation Commission. I dissent from this action. Motions for rule on the clerk are generally decided by the Arkansas Supreme Court. *See* Arkansas Supreme Court and Court of Appeals Rule 29(1)(i). However, since this motion involves an attempt to appeal from the Workers' Compensation Commission, the motion has been decided by this court but can be reviewed by the Supreme Court. *See Davis* v. *C & M Tractor Co.,* 2 Ark. App. 150, 617 S.W.2d 382 (1981). Because the issue involved concerns, in my opinion, a construction of statutory law and a matter of major importance, I am filing a written dissent to the action of the majority of this court.

Ark. Stat. Ann. § 81-1325(b) (Supp. 1985) provides in part as follows:

> A compensation order or award of the Workers' Compensation Commission shall become final unless a party to the dispute shall, within thirty (30) days from receipt by him of the order or award, file notice of appeal to the Court of Appeals, which is hereby designated as the forum for judicial review of such orders and awards. Such appeal to the Court of Appeals may be taken by filing in the office of

the Commission, within thirty (30) days from the date of the receipt of the order or award of the Commission, a notice of appeal, whereupon the Commission under its certificate shall send to the Court all pertinent documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record of the cause.

In this case, the appellants have filed a motion alleging that they mailed a notice of appeal to the Commission and a copy of said notice to the clerk of the Court of Appeals. The motion also alleges that these notices were mailed within thirty (30) days of the date of the Commission's award. It is further alleged that the Commission refuses to prepare a transcript unless ordered to do so by the Court of Appeals. Attached to the motion is an affidavit of a deputy clerk of the Court of Appeals which states that he received a copy of the notice of appeal from the appellants' attorney, that he marked it as received, and returned a copy to the attorney "stating on said copy that I had forwarded it to the Workers' Compensation Commission."

Before passing on the motion for rule on the clerk, this court issued a per curiam on February 12, 1986, pointing out that the appellants had not filed anything with their motion to show us whether or when a notice of appeal was actually filed with the Commission. The order stated: "An affidavit by some official or employee of the Commission competent to state what the records of the Commission show would surely be forthcoming at [appellants'] request," and we passed the motion for fifteen (15) days to allow supplemental matters to be filed. The appellants then filed a supplemental motion in which they stated that the records of the Workers' Compensation Commission do not contain a notice of appeal but that a notice was mailed which was "lost, misplaced, or for some reason failed to get in the file."

We now have a situation where the time to file a notice of appeal with the Commission has run and the appellants, by their motion, concede that the records of the Commission do not contain a notice of appeal and that the notice that was mailed was "lost, misplaced, or for some reason failed to get in the file." There is no question but what the timely filing of a notice of appeal is jurisdictional and that the rule of unavoidable casualty does not

apply to the failure to file the necessary notice of appeal. *Burris* v. *Burris*, 278 Ark. 106, 643 S.W.2d 570 (1982); *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980); *City of Hot Springs* v. *McGeorge Contracting Co.*, 260 Ark. 636, 543 S.W.2d 475 (1976).

In our conference, the majority of this court said there is a presumption that a letter mailed is received, and therefore decided, as a matter of fact, that the notice of appeal to the Commission was received. This finding of fact must of necessity be based upon one, or both, of the affidavits attached to the appellants' motion. One of those affidavits is that of a secretary of the attorney for appellants and states that she mailed copies of the notice of appeal to the Workers' Compensation Commission and to the clerk of the Arkansas Court of Appeals. The other affidavit is that of the deputy clerk of this court referred to above. It should be noted that the clerk's affidavit does not state that the copy of the notice was actually "forwarded", but only that he stated on the attorney's copy that he had "forwarded" it to the Commission. Also, we do not know whether it was mailed or not. If it was not mailed, the presumption that a letter properly mailed was received would not apply. On the other hand, the affidavit of the attorney's secretary states that it was mailed to the Commission but does not state that it contained the proper or sufficient postage affixed thereto.

It is true that the presumption relied upon by the majority arises in a proper case. The case of *Old Republic Ins. Co.* v. *Martin*, 229 Ark. 1065, 320 S.W.2d 266 (1959), dealt with this presumption and by coincidence involved the mailing of a notice of appeal to the Workers' Compensation Commission. In that case, the court, quoting from previous decisions, stated as follows:

> Under the cases above cited, it is uniformly held as a presumption of fact, not of law, that where a letter, properly and sufficiently addressed and properly stamped, is mailed, that it was received by the addressee in due course of mail. But the presumption ceases to exist where the addressee denies receiving the letter. In that case it becomes a question of fact whether the letter was received.
>
> The presumption arising where proof shows a letter properly mailed is not conclusive presumption of law, but a

mere inference of fact founded on the probability that the officers of the government will do their duty. Such a presumption can of course be rebutted. *Bluthenthal* v. *Atkinson*, 93 Ark. 252, 124 S.W. 510.

229 Ark. at 1067.

In this case, I think one must engage in conjecture, speculation, and legal legerdemain to find that appellants' notice of appeal was ever filed with the Commission. My view is in keeping with the following paragraph from *Old Republic Ins. Co.* v. *Martin*:

> The Court does not care to indulge in speculation or conjecture, as to what occurred to the letter, but it is not impossible nor improbable that the letter, when mailed in Fort Smith, before transmission in due course, might have been lost or misplaced. The court prefers, however, to predicate its finding upon the evidence in the record.

Based upon the record, I cannot agree to the granting of the rule on the clerk, but I predict a rash of similar opportunities to do so in the future.