Heyden v. Barnsdall Refining Company.

4-4235

Opinion delivered May 25, 1936.

*Akers & Thurman,* for appellants.

*F. V. Phipps* and *Miles & Amsler,* for appellee.

HUMPHREYS, J. This is a suit to enforce the specific performance of an alleged renewal lease of a filling station at the corner of Markham and Elm streets in the city of Little Rock, and to recover $625 rent therefor from January 1, 1934, to the date the suit was instituted at the rate of $125 per month. The original written lease was executed on the first day of January, 1929, covering a period of five years, at a monthly rental of $85. The rent was paid through December 31, 1933, or until the expiration of the original lease. Relative to a renewal of the lease, the following clause appears in the original rental contract. "Lessee shall also have the right and privilege of renewing this agreement upon the same terms and conditions as herein set out for an additional five-year period at a rental of one hundred twenty-five dollars ($125) per month, said renewal to be exercised by thirty (30) days' notice in writing at the expiration of the primary term thereon."

The gist of appellants' complaint is that appellee continued to occupy the premises for several months after the expiration of the original lease, and that by doing so it elected to extend the term of the lease for a period of five years at the monthly rental stipulated therein, viz., $125 per month.

The appellee filed an answer denying that it occupied the premises after the expiration of the original lease, and alleging that the original lease provided the method by which appellee might extend the original lease

if it desired to do so, and, having failed to give the notice specified therein, the lease was not renewed.

The cause was submitted to the court upon the pleadings and testimony adduced by the parties, resulting in a dismissal of the complaint, from which is this appeal.

The clause of the original lease, quoted above, was an option to renew the lease on the part of appellee by giving thirty days' written notice to appellants at the expiration of the original lease and was not a covenant to extend same. The notice provided for was a condition precedent and, not having been given, it cannot be said, as a matter of law, that a mere holding over for a few months constituted a renewal of the lease. Had the clause been a covenant to extend the lease without the performance of a condition precedent, a holding over may have extended same as a matter of law. *Bluthenthal* v. *Atkinson*, 93 Ark. 252, 124 S. W. 510; *Neal* v. *Harris*, 140 Ark. 619, 216 S. W. 6; *Riverside Land Company* v. *Big Rock Stone & Material Company*, 183 Ark. 1061, 40 S. W. (2d) 423.

Appellants contend, however, that appellee held over after the expiration of the original lease, and thereby created the relationship of landlord and tenant, and are liable for the rent for the period of five years. It is undisputed that appellee ceased to conduct business on the premises in October or November, 1933, when it discharged its agent and checked him out. The evidence is sharply conflicting as to whether appellee notified appellants in December, 1933, that it would not renew the lease and whether it removed its stock and equipment from the building before or after January 1, 1934. According to the testimony of witnesses introduced by appellants, the stock and equipment was not removed from the building until in February or March, 1934. According to the testimony of the witnesses introduced by appellee, the stock and all the equipment was removed from the building in December, 1933.

The chancellor found that the stock and equipment was removed from the building prior to December 31, 1933. After a careful reading of the testimony, we are

unable to say the chancellor's finding on this issue of fact was contrary to a clear preponderance of the evidence.

It is true the undisputed evidence reflects that the gasoline tanks under ground and the stationary pumps, all on the outside of the building, were not removed, but left in place on the premises. It seems that this was done pursuant to the Federal Trade Code or else a custom that, when a company or individuals should abandon a service station it or they had operated, it or they might leave the tanks and pumps on the premises so that any one succeeding by purchase or otherwise in the business might have an opportunity to buy such equipment. This being the case, the failure to remove them was not evidence, and should not be treated as a circumstance showing an intention to renew the original lease.

It is also true that the undisputed evidence shows the keys to the premises were not tendered to appellants until some time after January 1, 1934, but when they were tendered appellants refused to accept them, and there is nothing in the record to show that they would have accepted them had they been tendered at an earlier date.

No error appearing, the decree is affirmed.