FRANK UEBE *v.* TROY F. BOWMAN ET UX

5-4338                                             420 S. W. 2d 889

Opinion delivered November 20, 1967

*Fitton & Meadows,* for appellant.

*Moore & Brockman,* for appellees.

CONLEY BYRD, Justice. This litigation is between two long-time friends and neighbors, appellant Frank Uebe and appellees Troy F. Bowman et ux. At issue are the questions whether Uebe's holding over under a lease constituted an election to exercise an option to extend the lease, and whether the contractual requirement of advance payment of rental was waived by appellees.

The lease contract was entered into on February 14, 1947, for the use of water from a spring to operate a canning factory. The clause in issue provides:

"That for said consideration the right herein conveyed shall continue unto the party of the second

part, his heirs and assigns for a fixed period of 16 years from this date, with the option to the party of the second part, his heirs and assigns, to continue said right in full force and effect by the payment of the sum of $25.00 annually, payable in advance.''

The facts show that Uebe and Bowman, in a neighborly fashion, have from time to time exchanged labor and assistance to each other. The Bowmans at times have borrowed money from Uebe, purchased feed from him, and used his hay baler. In addition, Bowman sometimes worked for Uebe at the canning factory, at which times Uebe paid Bowman by cash or check. All other dealings between the parties were settled annually. Both parties testified to a settlement of their dealings after February 4, 1963, the expiration date of the 16-year lease, without mentioning or giving credit for the $25 annual payment provided in the lease agreement. In fact, Uebe testified that he was not aware that the lease was up that year or that the payment was due. There is testimony by Bowman that a settlement was had again in 1964. There is also testimony by Uebe that Bowman owed for hay baling, a hay baler and other items for which Uebe considered himself entitled to a set-off against any of the $25 payments due under the contract. Bowman disputes some of the items and admits other items. He acknowledges that he owes $25 for the old hay baler which he bought in December 1964, and that he owes for the use of a truck in hauling some hay.

After February 4, 1963, the expiration date in the lease, Uebe continued to use the water from the spring as before, and Bowman made no complaint or comment about it until Uebe transferred the canning factory to a cooperative which he had organized in 1966. Sometime during the busy canning season of 1966, Bowman went by the canning factory to talk to Uebe about the spring, but Uebe suggested they discuss it at another time because he was too busy. Subsequently, on August 9, 1966, Bowman caused to be served upon Uebe a ''No-

tice in Unlawful Detainer," notifying Uebe to quit and deliver up the spring property occupied by his pumping equipment. Uebe then filed this suit in chancery court making the contentions herein.

In contending that his holding over amounted to an election to exercise his option to extend the lease, Uebe relies on *Riverside Land Co.* v. *Big Rock Stone & Material Co.*, 183 Ark. 1061, 40 S. W. 2d 423 (1931). We think the *Big Rock* case is distinguishable from the facts here because in the *Big Rock* case the lessor continued to accept payments under the lease and, after the issue concerning increased rental arose, negotiated an increased rental which it continued to accept from sometime in 1923 until 1930, when Big Rock gave the required notice under the option to extend the lease.

In *Heyden* v. *Barnsdall Refining Co.*, 192 Ark. 789, 94 S. W. 2d 709 (1936), the lessor contended that Barnsdall, who held under a five-year lease, exercised its option of renewal by holding over a few months after the expiration of the five-year period. We there held that the holding over did not constitute an exercise of the option of renewal, and in distinguishing the *Big Rock* case, *supra,* pointed out that had the renewal clause "been a covenant to extend the lease without the performance of a condition precedent, a holding over may have extended same as a matter of law."

When the option to extend here involved is read in its entirety, we hold that the trial court properly construed the provision for a payment "of the sum of $25 annually, payable in advance" as a condition precedent to the exercise of the extension. Since Uebe admittedly did not perform the condition precedent prior to the expiration of the 16-year period on February 4, 1963, we hold that his mere holding over did not constitute an extension of the lease under the option.

Nor can we find a waiver of the condition precedent to the extension of the lease. While the annual bal-

ancing of accounts between the parties for 1963 and 1964 depended to some extent on the recollection of each party with reference to time spent, material delivered, work done and payments made, neither party contends that the $25 payment was discussed or credit given or accepted for the same. Nor was the $25 payment subsequently accepted, as was the situation in the *Big Rock* case, *supra*.

Appellant makes the further contention that there was no repudiation or abandonment of the lease and that the nonpayment of rent is not a cause of forfeiture. We hold this contention to be without merit. The issue is not whether there is a repudiation or a forfeiture of the lease but whether in fact appellant had exercised his option to extend the written lease. We think there is a clear distinction between forfeiture of an existing lease for failure to pay the rental and failure to exercise an option of extension by failing to perform the condition precedent of paying the rental in advance.

Affirmed.

HARRIS, C. J., and FOGLEMAN, J., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I cannot agree with the result reached by the majority in this case. While I have no particular quarrel with the holding that the payment in advance is a condition precedent to the right to renew or extend the lease, it is my opinion that appellees have effectively waived their right to terminate for appellant's failure to comply with the condition.

Waiver occurs upon the failure to assert one's known right. In the present case, the agreement created a lease for the term of 16 years, with a perpetual option to renew or extend, exercisable by advance payment of the annual rental. Upon the expiration of the original 16-year lease period, it was incumbent upon appellant to pay the next year's rent in advance in order to "con-

tinue" the lease "in full force and effect." In such a case, failure of a lessee to make the required payment in advance would entitle a lessor to declare the lease at an end. Failure of a lessor to assert this right would amount to a waiver thereof. There no longer being any condition to the continuation of the tenancy, the lessee's holding over and the lessors' recognition of the lessee's rights under the lease would operate to continue the lease.

I do not feel that the case of *Riverside Land Co.* v. *Big Rock Stone & Material Co.*, 183 Ark. 1061, 40 S. W. 2d 423, can be distinguished from this case. Each involves a condition precedent to the extension of the lease, the condition there being the requirement of thirty days' written notice. While it is true, as the majority opinion indicates, that there the lessee continued to pay, and the lessor to accept, the agreed rental, the performance of this covenant was significant only insofar as it showed that the lessor did not intend to require compliance with the condition precedent, *i. e.*, the notice requirement. Here the advance payment of rent is itself the condition precedent. Other factors must be looked to in order to determine whether waiver of this condition has occurred. Thus, it becomes important to determine the effect of holding over on such a condition.

I do not agree that the case of *Heyden* v. *Barnsdall Refining Co.*, 192 Ark. 789, 94 S. W. 2d 709, is precedent for the proposition that a lessee's holding over can never amount to an exercise of an option to renew or extend. The opinion in that case only said that the mere holding over for a few months would not constitute, *as a matter of law*, a renewal of the lease. The court went on to say that, on the facts, the trial court's finding (that there had been no holding over) could not be said to be against the preponderance of the evidence. Certainly, if the facts had shown clearly that there had been a holding over, this factor could have been considered in determining whether the option had been exercised.

Whether the appellant's holding over be considered a means of exercising the option to renew or a factor in determining if waiver of the condition precedent has occurred, the result in the present case would be the same.

Although the chancellor has found, as a matter of fact, that there has been no waiver of the condition precedent, this case is to be reviewed de novo. The chancellor's determination, while not to be lightly regarded, is not binding on this court. A review of the evidence indicates clearly that the lessors, by their recognition of the tenancy after February 4, 1963, effectively waived their right to stand on the condition precedent. The record, with regard to the issue of waiver, shows the following facts which appellees either admitted or failed to deny on rebuttal:

1. That Uebe's use of the spring has been continuous and uninterrupted from the inception of the lease contract until Bowman's objection in the spring of 1966, which was three years after the expiration of the original 16-year period.

2. That when Uebe told Bowman that the latter owed him for the hay baler, he also mentioned to Bowman that this was to be payment on the contract.

3. That Bowman, in 1966, told a fellow worker the lease had been expired for two or three years. That he "thought he could get along with Uebe, but he didn't know if he could get along with this board of directors that was on this cooperative."

4. That when Bowman first approached Uebe in the spring of 1966, he intended only to determine the extent to which he (Bowman) was restricted in his use of the land surrounding the pump.

5. That Bowman helped Uebe repair his pipe line when it was damaged.

6. That the Bowmans, on separate occasions in 1965, had warned others about using the pump without the permission of Uebe.

The combined effect of these undisputed facts is to show that, although lessors knew of their rights under the lease contract, they nevertheless made no objection for over three years, during which period they continued to recognize the lease to be in effect. Such recognition of the lessee's rights under the lease, together with the failure of the lessors to assert the condition precedent and declare the lease to be at an end, clearly demonstrates that the condition has been waived. Thus, the finding of the chancellor in this regard is clearly against the preponderance of the evidence.

I would like to make clear my position on this matter by way of summary. My view is that the *condition precedent* has been waived, the condition, of course, being the required *advance* payment. I by no means intend to convey the idea that the Bowmans are not entitled to the agreed rental. The requirement of advance payment constitutes both the condition precedent and a *covenant* to pay rent. The covenant to pay rent is separate and distinct, and is not waived. But the requirement that it be made in *advance* was clearly waived. When the similarity between this requirement and the requirement of thirty days' written notice in the *Riverside Land Company* case is noted, it seems clear that the requirement of advance payment, being a condition precedent, may be waived on a proper showing of facts. I believe that such a showing has been made.

The effect of the majority opinion is to preclude a finding of waiver of a condition precedent to a lessee's right to renew or extend in any case where the rental has not been paid. I can see no reason to attach such controlling significance to the performance of this *covenant*. My view is that, where there are other factors indicating that the lessor intentionally fails to assert a

known right, there may be a waiver of the condition precedent, whatever it may be, even though the rental covenant is not performed.[1]

I would reverse and remand for entry of a decree consistent with this opinion.

I am authorized to state that Harris, C. J., joins in this dissent.

---

[1]For the purposes of this appeal, it is not necessary to consider the extent of the waiver or the effect of the tender of the 1967 rent by appellant.